IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTIRCT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARMEN GARCIA, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>MCDONALD'S CORPORATION, )<br>MCDONALD'S USA, LLC, )<br>)<br>DEFENDANTS. )<br>_____) | CIVIL ACTION NO.:<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

NOW COMES Plaintiff, Carmen Garcia, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as her Complaint in this matter:

**I.    JURISDICTION AND VENUE**

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the

laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, McDonald's Corporation ("McDonald"), is a foreign Corporation organized and existing under the State laws of Delaware, with a principal place of business of P.O. Box 66351, AMF O'Hare Airport, Chicago, Illinois 60666.

4.

Service of process for McDonalds can be effectuated through its registered agent, The Prentice-Hall Corp. System, 40 Technology Pkwy South, Suite 300, Norcross, Georgia 30092.

5.

Based upon Plaintiff's information and belief, Defendant, McDonald's USA, LLC ("McDonald USA"), is a foreign Corporation organized and existing under the State laws of Delaware, with a principal place of business of P.O. Box 66351, AMF O'Hare Airport, Chicago, Illinois 60666.

6.

Service of process for McDonalds USA can be effectuated through its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

7.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.   PARTIES

8.

Plaintiff, Carmen Garcia, is an adult resident citizen of Cobb County, Georgia.

9.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

10.

At all times relevant, Defendants employed the Plaintiff to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiff within this District.

11.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

12.

Defendant McDonald's lists its principal office address as P.O. Box 66351, AMF O'Hare Airport, Chicago, Illinois 60666.  Upon information and belief, Defendant McDonald's is a Foreign Corporation conducting business within the State of Georgia and within this district.

13.

Defendant McDonald's USA, lists its principal office address as P.O. Box 66351, AMF O'Hare Airport, Chicago, Illinois 60666.  Upon information and belief, Defendant McDonald's USA is a Foreign Corporation conducting business within the State of Georgia and within this district.

14.

Defendants describe its business as a leading global foodservice retailer with more than 35,000 local restaurants serving nearly 70 million people in more than 100 countries each day.

15.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

16.

Upon information and belief, Defendants' gross sales are in excess of $500,000 per year.

17.

Defendants directed Plaintiff to individually engage in interstate commerce.

18.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce.

19.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

### III. FACTUAL ALLEGATIONS

20.

Plaintiff is an adult resident of the State of Georgia.  Plaintiff was employed by the Defendants from in or around 2007 through October 2, 2014.

21.

Plaintiff was compensated on an hourly basis by the Defendants during times relevant.

22.

As an hourly employee, Plaintiff was entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

23.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

24.

Upon information and belief, Defendants classified Plaintiff as hourly nonexempt employees, compensating her on an hourly basis.

25.

Plaintiff was compensated at an hourly rate of $23.90 with overtime rate of $35.85, and was paid on a bi-weekly basis.

26.

Plaintiff was employed as a Construction Coordinator during times relevant.

27.

As a Construction Coordinator, Plaintiff's job function was to track major remodel projects of the storefront locations for the Southeast Region of the United States.

28.

Defendants required Plaintiff to submit the hours suffered by utilizing a manual time card.

29.

Defendants had two (2) separate form timecards that were utilized during any given year. A Summer Weekly Time Sheet, which set the maximum permitted hours per week at thirty-seven (37) hours, and a Winter Weekly Time Sheet, which set the maximum permitted hours per week at thirty-seven and one half (37.5) hours.

30.

Plaintiff routinely worked in excess of the thirty-seven (37) hours and thirty-seven and one half (37.5) hours limitations, and routinely worked in excess of forty (40) hours per week.

31.

Defendants advised Plaintiff on multiple occasions that she was not to exceed the thirty-seven (37) hours and thirty-seven and one half (37.5) hours limitations and was told not to submit any hours that exceeded these limitations. Specifically, Plaintiff was told that any hours exceeding those limitations, whether straight time and/or overtime, were not approved.

32.

Plaintiff would routinely work after hours and on weekends on her computer that was issued by the Defendants, often sending emails that included her direct supervisor, Gary Zonitch, Regional Manager.

33.

Plaintiff often complained to her supervisor stating that the requirements of the job required her to work hours in excess of the thirty-seven (37) hours and thirty-seven and one half (37.5) hour limitations. Further, Plaintiff was advised that any hours in excess of these limitations were not to be submitted.

34.

Defendants' compensation practice caused the manipulation of the time records and created a record that inaccurately reported the true hours worked, and instead underreporting the hours actually suffered.

35.

During the tenure of Plaintiff's employment, Plaintiff and other employees regularly complained to the Defendants that its practices under compensated them; however, the Defendants initially refused to investigate and/or correct the illegal practices.

36.

In or around the spring of 2014, an anonymous complaint was sent to the Defendants' internal Legal Department, in which the individual complained that Construction Coordinators, like Plaintiff, were not being full compensated for their overtime wages.

37.

In 2013, Ms. Garcia was approached by Felicia Kohlenberger a representative from Human Resources.

38.

Ms. Kohlenberger inquired about the overtime hours and provided Plaintiff with a timesheet and a calendar and told her to provide her with an accounting of the exact overtime hours worked.  Plaintiff stated that she was unable to recall the exact hours worked, but her computer activity logs on her work computer would provide a basis of the hours worked.  Plaintiff was never provided with her computer activity logs.

39.

During Plaintiff's employment with the Defendants as hourly employee, Defendants willfully and knowingly failed to fully compensate Plaintiff for all overtime hours worked, as Defendants had knowledge of Plaintiff working overtime but was not being fully compensated.

40.

The Defendants knowingly and willfully failed to compensate Plaintiff by failing fully compensate her for her straight time wages as well as her overtime wages for hours worked in excess of forty (40) hours.

41.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for the straight time rate and the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

42.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

43.

Defendants have failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

44.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

45.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

46.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages.

47.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay as required by law.

48.

Upon information and belief, Defendants have negligently, intentionally and repeatedly created a manipulated time record to reflect its employees were working less hours then actually worked.

49.

As a result of these actions, Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years. Defendants are estopped from raising such statute of limitations as a bar to full recovery.

50.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

51.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

52.

Defendants have not made a good faith effort to comply with the FLSA.

53.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

**IV.  COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES**

54.

Plaintiff incorporate by reference paragraphs 1 – 53 as if full set forth herein.

54.

Plaintiff as non-exempt employees of Defendants was entitled to be paid straight time for all hours worked and overtime for each hour worked in excess of forty (40) hours per week.

55.

The Defendants have willfully failed to compensate Plaintiff for all hours suffered including both the straight time hours and overtime hours worked during her employment.

56.

Defendants, by such failure, have willfully violated the wage and overtime provisions of the FLSA.

57.

Defendants have failed to keep adequate records of all time worked by the Plaintiff.

57.

Defendants, by such failure, have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 22nd day of December, 2014.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

**DEMELFI LAW GROUP, LLC**

/s/ Frank DeMelfi
Frank DeMelfi, Esq.
Georgia Bar No. 320128

4651 Woodstock Road
Suite 208-103
Roswell, Georgia 30075
Telephone:   (678) 948-7808
Facsimile:   (866) 674-7808
Email:       fdemelfi@gmail.com