**Exhibit A**

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Agreement") is made by CARMEN GARCIA ("Garcia") and McDonald's USA, LLC and McDonald's Corporation ("McDonald's" or the "Company") (together, the "Parties"). Garcia and McDonald's desire to settle and compromise all disputes, allegations, and all other matters between them at this time. Accordingly, the parties agree as follows:

1. The Parties shall execute and submit to the U.S. District Court for the Northern District of Georgia (the "Court") a Stipulation of Dismissal with Prejudice and Approval of Settlement Agreement, as well as any other appropriate form(s) required by the Court to cause the dismissal of the Complaint with prejudice and closure of all matters referenced in the Complaint. The Stipulation of Dismissal with Prejudice and Approval of Settlement Agreement shall be filed within seven (7) days of the effective date of this Agreement.

2. Under the terms of this Agreement, and subject to Garcia's continued compliance with the terms and the fulfillment of all of the conditions in this Agreement, McDonald's will pay to Garcia:

    a. a check payable to Garcia the amount of nineteen thousand and eight dollars and forty-eight cents ($19,008.48), less required withholdings and deductions for applicable state and federal taxes, such amount to be considered and treated as lost wages and benefits. McDonald's will issue an IRS Form W-2 to Garcia at the appropriate time to reflect the payment of this sum as wages and benefits; and

    b. $500 additional consideration for waiver of all claims identified in Paragraph 4 and as consideration for an agreement of confidentiality as described in Paragraphs 7, 8, and 9.

The payment(s) described in this Paragraphs 2(a) and (b) will be referred to as the "Settlement Payment."

The Settlement Payment will be made to Garcia fourteen (14) business days after Court approval of this Agreement.

Garcia is solely responsible for all federal, state, local, and other taxes relating to the Settlement Payment provided in Paragraph 2. If McDonald's and/or any Released Party incurs additional tax liability (including without limitation, liability for back withholding, penalties, interest, and attorneys' fees) as a result of the Settlement Payment provided for in this Paragraph 2, Garcia will reimburse McDonald's and/or the Released Party that amount.

1

Garcia's Initials: CRG          McDonald's Representative's Initials: [signature]

   c. Counsel for Garcia will file a petition for attorney's fees within seven (7) days of the effective date of this Agreement. Attorney's fees shall be paid in accordance with the Court's Order, unless appealed. If McDonald's exercises its right to appeal, attorney's fees shall be paid within fourteen (14) days of a final determination regarding attorney's fees.

   3. The term "Released Parties" as used in this Agreement means: (a) McDonald's and its past, present, and future parents, divisions, subsidiaries, partnerships, affiliates, and other related entities (whether or not such entities are owned by McDonald's); (b) the past, present, and future owners, trustees, fiduciaries, administrators, shareholders, directors, officers, partners, agents, representatives, employees, and attorneys of each entity identified in subpart (a) of this paragraph; and (c) the predecessors, successors, and assigns of each entity identified in subparts (a) and (b) of this paragraph.

   4. Garcia, and anyone claiming through Garcia or on Garcia's behalf, agrees to release McDonald's and the other Released Parties with respect to <u>any and all</u> claims, and any and all other demands Garcia may have or has ever had against the Released Parties, whether known or unknown, relating to any alleged acts or omissions by any of the Released Parties that have ever arisen up to the date that Garcia executes this Agreement, including without limitation all claims asserted by Garcia in the Complaint and all other claims arising under any law, constitution, regulation, executive order, ordinance, or the common law, including any claims for attorneys' fees and/or costs. Without limiting this description, the claims released by Garcia include, but are not limited to:

   (a) all claims related in any way to Garcia's employment, compensation, and other terms and conditions of employment or termination of employment with McDonald's;

   (b) all claims that were or could have been asserted by Garcia or on Garcia's behalf: (i) in any court, commission, or agency; (ii) under any public policy or common law theory; or (iii) under any employment, contract, tort, law, regulation, ordinance, or executive order; and

   (c) all claims that were or could have been asserted by Garcia or on Garcia's behalf arising under any of the following laws: Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Civil Rights Act of 1991, Sections 1981 and 1981a of the Civil Rights Act of 1866, the American with Disabilities Act, the Age Discrimination in Employment Act, the Worker Adjustment and Retraining Notification Act, the Genetic Information Nondiscrimination Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Lilly Ledbetter Fair Pay Act of 2009, the Occupational Safety and Health Act, the Sarbanes-Oxley Act, the Dodd-Frank Act, the Employee

Garcia's Initials: __CRG__   McDonald's Representative's Initials: 

Polygraph Protection Act, the Georgia Equal Pay Act, the Georgia Age Discrimination in Employment Act, the Georgia Equal Employment for Persons with Disabilities Code, Georgia Wage Payment and Work Hour Laws, and the City of Atlanta Anti-Discrimination Ordinance and any other federal, state or local statute, regulation and/or ordinance.

Nothing in this Agreement shall affect Garcia's right to file charges of discrimination with any state or federal administrative agency alleging violation of anti-discrimination laws, but Garcia may not accept any money or anything of economic value as a result of having filed such a charge. Garcia further agrees that, if any of the claims released by this Agreement are brought on Garcia's behalf or for Garcia's benefit in a court or administrative agency, Garcia will not accept any award of money or other damages as a result of the claim.

5. The Settlement Payment and any other consideration offered in this Agreement is accepted by Garcia as fully settling any and all of Garcia's claims or potential claims against McDonald's and the Released Parties. Garcia expressly agrees that Garcia is not entitled to and shall not receive any further payments, benefit, or other recovery of any kind from McDonald's or any of the other Released Parties. Garcia agrees not to initiate legal action of any kind against McDonald's based upon any claims or potential claims arising prior to Garcia's execution of this Agreement. **If Garcia breaches this Paragraph 5, Garcia will be required to return the Settlement Payment and agrees to pay McDonald's all attorneys' fees and costs that it incurs as a result of Garcia's breach of this paragraph of the Agreement.**

6. Garcia promises that: (a) Garcia is the sole owner of the actual or alleged claims, demands, rights, causes of action, and other matters that are released in Paragraph 4 above; (b) the same have not been transferred or assigned or to any other person, firm, corporation or other legal entity; and (c) Garcia has the full right and power to grant, execute, and deliver the releases, undertakings, and agreements contained in this Agreement. Garcia further agrees that McDonald's and each of the other Released Parties shall have no further monetary or other obligation of any kind to Garcia, including any obligation for costs, expenses and attorneys' fees incurred by or on behalf of Garcia, with the exception of fees and costs pursued in connection with the fee petition to be filed in accordance with Paragraph 2(c).

7. Garcia acknowledges and agrees that Garcia will not disclose to any third party, except the Internal Revenue Service or state or local taxing authorities and/or Garcia's spouse (if any), accountant (if any), tax advisors (if any), and attorney (if any) (all of whom will be bound by this confidentiality provision) or unless required to comply with subpoena or other legal process any of the following: (a) the existence or terms of this Agreement; (b) any facts relating to or concerning Garcia's employment with McDonald's, including but not limited to the facts and allegations contained in the Complaint; (c) any facts or information learned during settlement or mediation communications between the parties. Garcia acknowledges that this confidentiality

3

Garcia's Initials: __CRG__          McDonald's Representative's Initials: __[initials]__

provision applies to all types of communication, including verbal, written, and social media (*e.g.*, Twitter, Facebook, MySpace).

In response to any question regarding the Complaint, Garcia shall state only that: "The matter has been resolved and dismissed." Garcia understands and agrees that these **requirements of confidentiality** are a **material inducement** to McDonald's to enter into this Agreement. If Garcia is required by subpoena, law, regulation or legal process to disclose any of the information identified in this Paragraph 7, Garcia shall notify McDonald's promptly (prior to making any such disclosure ) by contacting McDonald's counsel named in Paragraph 12 of this Agreement, unless an immediate response is required by law.

**Garcia recognizes that actual damages for a breach of this provision would be difficult to measure. Therefore, if Garcia breaches this Paragraph 7 of the Agreement, Garcia will be required to return the Settlement Payment as a result of Garcia's breach of Paragraph 7 of the Agreement.**

8.   Garcia acknowledges and agrees that, due to irreconcilable differences, Garcia has no present or future right to employment with McDonald's or any of the other Released Parties. Garcia acknowledges that she has resigned her employment with McDonald's. Garcia understands that McDonald's is not obligated to recall or rehire Garcia at any time or for any reason. Garcia will not apply for rehire or otherwise seek employment, engagement or contract with McDonald's or any of the Released Parties at any time in the future. Garcia agrees that Garcia will immediately resign employment with any entity upon determining, after accepting employment, that such entity is a Released Party.

9.   Garcia will not engage in any conduct, verbal or otherwise (including postings on the internet and/or on any social media outlet, such as Twitter and Facebook) that could disparage or damage the reputation, goodwill, or standing in the community of McDonald's or any of the other Released Parties or any of its or their past or present officers, directors or employees.

**Garcia understands and agrees that compliance with this Paragraph 9 is a material inducement to McDonald's entering into this Agreement. Garcia recognizes and acknowledges that actual damages for a breach of this provision would be difficult to measure or establish. Therefore, in the event that Garcia breaches this Paragraph 9 of the Agreement, Garcia will be required to return the Settlement Payment.**

10.   Nothing in this Agreement is an admission by McDonald's or any of the other Released Parties that any of them violated any law or otherwise engaged in any improper or illegal conduct with respect to Garcia or otherwise. Each of the Released Parties expressly denies any such illegal or wrongful conduct.

11.   Garcia agrees to refer all persons making inquiries or seeking employment references specifically to McDonald's Service Center at (877) 623-1955.

4

Garcia's Initials: __CLS__    McDonald's Representative's Initials: __[initials]__

The Company agrees that the Service Center shall respond to all such inquiries with Garcia's dates of employment and last position held. Garcia agrees that the Company shall not be responsible for results of inquiries that are directed to any person or department of the Company other than the Service Center.

  12. Garcia acknowledges, understands, and agrees that Garcia:

  (a) HAS READ AND UNDERSTANDS THE TERMS AND EFFECT OF THIS AGREEMENT;

  (b) UNDERSTANDS THAT THIS IS THE FULL AND FINAL RELEASE OF ALL CLAIMS AGAINST THE RELEASED PARTIES THROUGH THE DATE GARCIA SIGNS THIS AGREEMENT;

  (c) RELEASES AND WAIVES CLAIMS UNDER THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH GARCIA MAY ALREADY BE ENTITLED;

  (d) IS HEREBY ADVISED OF GARCIA'S RIGHT TO HAVE AN ATTORNEY REVIEW THIS AGREEMENT BEFORE GARCIA SIGNS IT; and

  (e) HAS 21 DAYS IN WHICH TO CONSIDER THIS AGREEMENT. THE 21-DAY PERIOD STARTED ON THE DATE SHE RECEIVED THIS AGREEMENT. SHE AND MCDONALD'S AGREE THAT ANY CHANGES TO THE AGREEMENT, WHETHER MATERIAL OR IMMATERIAL, WILL NOT RESTART THE RUNNING OF THE 21-DAY PERIOD. IF SHE DOES NOT SIGN AND RETURN THIS AGREEMENT TO MCDONALD'S WITHIN THIS 21-DAY PERIOD, THE OFFER HEREIN WILL BE WITHDRAWN. FOLLOWING HER EXECUTION OF THE SEPARATION AGREEMENT, SHE WILL HAVE A 7-DAY PERIOD IN WHICH TO REVOKE HER ACCEPTANCE OF THIS SEPARATION AGREEMENT BY GIVING WRITTEN NOTICE TO ERIC L. BARNUM, ESQ, SCHIFF HARDIN, 1201 WEST PEACHTREE STREET, SUITE 2300, ATLANTA, GA 30309. IF YOU DO NOT REVOKE DURING THAT PERIOD, THIS SEPARATION AGREEMENT WILL THEN BECOME EFFECTIVE AND ENFORCEABLE.

  13. This Agreement is the entire agreement and understanding of the parties regarding the matters described in the Agreement, and replaces any and all other agreements and understandings between the parties regarding those matters.

5

Garcia's Initials: _CRS_    McDonald's Representative's Initials: _____

14. This Agreement shall be construed, interpreted, governed and enforced under the internal laws of the State of Georgia without regard to choice of laws or conflict of laws principles.

15. The parties agree that this Agreement may be modified only in writing, and that any party's failure to enforce this Agreement in the event of one or more events which violate this Agreement shall not constitute a waiver of any right to enforce this Agreement against subsequent violations.

17. Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be prohibited by or invalid under applicable law, such provision will be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

18. This Agreement may be executed in two or more counterparts, each of which taken together shall constitute one and the same instrument.

**THE PARTIES STATE THAT THEY HAVE READ AND UNDERSTAND THE FOREGOING AND THAT THEY INTEND TO BE BOUND THERETO.**

| **CARMEN GARCIA** | **McDONALD'S** |
| --- | --- |
| _[signature]_ | By: _[signature]_ |
| | Its: Attorney |
| Dated: 8/4/2015 | Dated: Aug 4, 2015 |

34106-0008
AT\230069979.1